# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Luis Bran-Lopez, Isaac Enrique-Oyando,<br>Romeo Santos-Hernandez, Juan Hernandez,<br>John Mocias, Jaime Velez-Arcentales, and<br>Eddy Anchundia-Velez<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>) 8:21MJ1031SPF<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 14, 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Steven M. Ray, CGIS
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/19/2021

_____
Judge's signature

City and state: Tampa, FL

SEAN P. FLYNN, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven M. Ray, being duly sworn, depose, and state:

## Introduction and Agent Background

1. I am a Special Agent with the Coast Guard Investigative Service ("CGIS"), and have been employed by CGIS since 2008. Since May of 2011, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. From 2008 through 2011, I was a CGIS Agent working in maritime counter-narcotic assignments in San Diego, CA and Key West, FL. Prior to being hired by CGIS, I was employed as a Special Agent of the DEA from 2000 through 2008 serving in Seattle, WA and Yuma, AZ. As a DEA Agent, I served on a Mobile Enforcement Team (MET) with multiple deployments in Washington, Oregon, and Idaho, served on multiple High Intensity Drug Trafficking Areas (HIDTA) Task

forces, a FBI Joint Terrorism Task Force (JTTF), and the Yuma County Narcotics Task Force (YNCTF).

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about January 14, 2021, while aboard a vessel subject to the jurisdiction of the United States, the defendants, LUIS BRAN-LOPEZ, ISAAC ENRIQUE-OYANDO, ROMEO SANTOS-HERNANDEZ, JUAN HERNANDEZ, JOHN MOCIAS, JAMIE VELEZ-ARCENTALES, and EDDY ANCHUNDIA-VELEZ, each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The information contained in this Affidavit is based on my personal knowledge and/or information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On January 14, 2021, while on routine patrol in the Eastern Pacific ocean in international waters, a marine patrol aircraft (MPA) detected an unknown go-fast vessel (GFV), in International Waters, approximately 212 nautical miles South of Huatulco, Mexico. The USCGC STEADFAST was diverted to investigate the suspect GFV. The USCGC STEADFAST launched a small boat with USCG boarding team personnel onboard to investigate.

7. The boarding team on the USCG small boat gained control of the GFV without incident. Prior to the boarding team getting control of the vessel, the USCG boarding team observed the crew of the GFV throw items overboard. The boarding team identified the following crewmembers on board the suspect GFV: LUIS BRAN-LOPEZ, ISAAC ENRIQUE-OYANDO, ROMEO SANTOS-HERNANDEZ, JUAN HERNANDEZ, JOHN MOCIAS, JAMIE VELEZ-ARCENTALES, and EDDY ANCHUNDIA-VELEZ.

8. The master of the suspect GFV, LUIS BRAN-LOPEZ, claimed Mexican nationality for himself and the GFV. There were Ecuadorian marking on the vessel and a registration number of B-06-72412 on the GFV. The USCG requested confirmation of nationality from the Mexican government but the

3

Mexican Government could neither confirm nor deny nationality of the GFV. Based on the lack of confirmation from Mexico, the USCG assimilated the GFV as stateless and therefore subject to the laws of the United States. The USCG boarding team conducted a full law enforcement boarding.

9. The boarding team observed bales of suspected contraband on the vessel and thrown behind the GFV. The USCG boarding team opened a bale of suspected cocaine and conducted two tests of the white powder utilizing narcotic identification test kits (NIK) indicating the positive presence of cocaine. The USCG boarding team seized 19 bales of cocaine weighing approximately 760 kilograms. The USCG boarding team seized the cocaine and detained the seven crew members.

## Conclusion

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following two defendants named herein, LUIS BRAN-LOPEZ, ISAAC ENRIQUE-OYANDO, ROMEO SANTOS-HERNANDEZ, JUAN HERNANDEZ, JOHN MOCIAS, JAMIE VELEZ-ARCENTALES, and EDDY ANCHUNDIA-VELEZ , while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of

Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

Steven M. Ray
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 19th day of January, 2021.

SEAN P. FLYNN
United States Magistrate Judge